**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
**JOSEPH VIDAL,**

|  |  |  |
|---|---|---|
| | **Plaintiff,** | **9:19-cv-429** |
| | | **(GLS/DJS)** |
| **v.** | | |

**ANTHONY J. ANNUCCI et al.,**

_____ **Defendants.** _____

**SUMMARY ORDER**

Pending are objections to a Report-Recommendation and Order
(R&R), (Dkt. No. 80), which, among other things, recommends that
defendants' motion for summary judgment be granted, (Dkt. No. 75).  The
R&R reasons that defendants' are entitled to summary judgment as to
plaintiff pro se Joseph Vidal's Eighth Amendment conditions of
confinement claim, related to freezing temperatures in prison, because
there is no proof in the record that any defendant had the requisite
knowledge to support that he or she was deliberately different, and an
investigation was conducted following Vidal's grievance regarding the
issue.  (Dkt. No. 75 at 7-11.)  As for Vidal's Fourteenth Amendment due
process claim, the R&R recommends that summary judgment be granted
to defendants because the claim, which pertains to a disciplinary hearing,

was rendered moot by a subsequent hearing.  (*id.* at 11-14.)

Vidal objects to the R&R on two grounds.  First, with respect to his Eighth Amendment claim, Vidal faults the R&R for fully crediting defendants' proof, but giving his own testimonial evidence less consideration.  (Dkt. No. 80 at 5-7.)  Second, Vidal argues that the R&R incorrectly concluded that his due process claim was rendered moot; Vidal also makes arguments about the underlying merits of his due process claim and relies heavily on the idea that his "regulatory rights . . . were violated."  (*Id.* at 7-13.)

Construing Vidal's objections liberally, they arguably fault the R&R specifically and trigger de novo review.  *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484, 2006 WL 149049, at *3 (N.D.N.Y. Jan. 18, 2006).  However, the objections also misapprehend the R&R and the law upon which it relies.  For example, as to the Eighth Amendment claim, the R&R does not so much fully credit defendants and discredit Vidal as it properly notes that the record is simply devoid of proof that the named defendants were aware of any freezing temperatures, and the unrebutted record also shows that Vidal's grievance about the temperature in his cell was investigated.  (Dkt. No. 75 at .9-10)  And the R&R actually credited

2

Vidal's allegation about the freezing conditions for the purpose of satisfying the objective element of his claim.  (*Id.* at 9.)  And, as to the due process cause of action, Vidal relies on inapposite legal principles to demonstrate that the subsequent hearing did not moot any deprivations that flowed out of the earlier one.  (Dkt. No. 80 at 7-8.)[1]  Having carefully review the R&R and considering the issues de novo, defendants' motion for summary judgment must be granted for the same reasons articulated in the R&R.

Accordingly, it is hereby

**ORDERED** that the Report-Recommendation and Order (Dkt. No. 75) is **ADOPTED** in its entirety; and it is further

**ORDERED** that defendants' motion for summary judgment (Dkt. No. 60) is **GRANTED**; and it is further

**ORDERED** that Vidal's amended complaint (Dkt. No. 10) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

---

[1] It is also noted that violations of prison regulations cannot form the basis of a claim under 42 U.S.C. § 1983.  *See Gibson v. Rosati*, No. 9:13-cv-00503, 2017 WL 1534891, at *19 (N.D.N.Y. Mar. 10, 2017), *report and recommendation adopted*, No. 9:13-CV-503, 2017 WL 1512371 (N.D.N.Y. Apr. 27, 2017) ("'A] violation of prison regulations does not amount to a constitutional violation and is not a valid basis for relief in an action pursuant to 42 U.S.C. § 1983." (internal quotation marks and citation omitted)).

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

September 26, 2022
Albany, New York

Gary L. Sharpe
U.S. District Judge

4